UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO S. BUENROSTRO &<br>GUADALUPE V. BUENROSTRO,<br><br>Defendants. | No. 2:15-cv-0138-JAM-KJN PS<br><br><br><br>ORDER |

Plaintiff, who proceeds without counsel and is presently incarcerated in Pollock, Louisiana, commenced this action on January 20, 2015. (ECF No. 1.)[1] On March 18, 2015, defendants, represented by counsel, filed a motion to dismiss the action for lack of subject matter jurisdiction. (ECF No. 10.) Local Rule 230(l) provides, in part, as follows:

> All motions, except motions to dismiss for lack of prosecution, filed in actions wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court. Such motions need not be noticed on the motion calendar. Opposition, if any to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Although plaintiff is incarcerated, this action does not challenge plaintiff's underlying conviction/sentence or the conditions of his confinement. As such, the case was designated as a regular *pro se* civil action.

1

> of service of the motion.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

E.D. Cal. L.R. 230(l).  Although the 21-day period has now expired, plaintiff has yet to file an opposition to the pending motion to dismiss.  Nevertheless, in light of plaintiff's *pro se* status, his incarceration out of state, and the court's desire to resolve the motion on the merits, the court finds it appropriate to provide plaintiff with an extension to oppose the motion, as set forth below.[2]

Furthermore, on April 2, 2015, plaintiff filed a "motion to request assistance from the court to direct the defendants to confer or attempt to confer pursuant to this court's January 20, 2015 order." (ECF No. 11.)  Liberally construed, that motion appears to seek an order directing defendants to confer with plaintiff via telephone regarding the June 4, 2015 status conference, settlement of the case, trial preparation, and various discovery requests that plaintiff indicates he recently served on defendants.  In light of the pending motion to dismiss for lack of subject matter jurisdiction, the court finds it appropriate to vacate the June 4, 2015 status conference and to stay any discovery pending resolution of that motion and any jurisdictional issues.  As such, the court also denies plaintiff's motion for court assistance at this juncture without prejudice.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. Plaintiff shall file an opposition or statement of non-opposition to the pending motion to dismiss no later than May 5, 2015.
2. Defendants shall file any reply to plaintiff's opposition no later than May 19, 2015. Thereafter, the motion shall be submitted for decision without oral argument on the record and written briefing, with no further briefing permitted unless specifically

---

[2] Due to the delays sometimes resulting from prison mail, it may be that plaintiff has already submitted an opposition or statement of non-opposition that has yet to reach the court at the time of issuing this order.  If that is the case, there is no need to submit a second opposition brief.  As long as the court has received an opposition (or statement of non-opposition) by the new deadline set in this order, no further briefing from plaintiff will be necessary.

requested by the court.

3. The June 4, 2015 status conference in this case is VACATED. If necessary, the court will reschedule a status conference at a later date.

4. All formal discovery in this action is STAYED pending resolution of the motion to dismiss for lack of subject matter jurisdiction.

5. Plaintiff's motion for court assistance (ECF No. 11) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 14, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3