UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS BUENROSTRO,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO S. BUENROSTRO &<br>GUADALUPE V. BUENROSTRO,<br><br>Defendants. | No. 2:15-cv-0138-JAM-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who proceeds without counsel and is currently incarcerated in Pollock, Louisiana, commenced this action on January 20, 2015. (ECF No. 1.)[1] Presently pending before the court is defendants' motion to dismiss the action for lack of subject matter jurisdiction. (ECF No. 10.) In light of plaintiff's *pro se* status and incarceration, and pursuant to Local Rule 230(l), the motion was not noticed for a hearing. On April 13, 2015, plaintiff filed a timely opposition to the motion. (ECF No. 13.) On April 16, 2015, plaintiff also filed a proposed first amended complaint. (ECF No. 14.)

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1). Although plaintiff is incarcerated, this action does not challenge plaintiff's underlying conviction/sentence or the conditions of his confinement. As such, the case was designated as a regular *pro se* civil action.

1

After carefully considering the parties' written briefing, the court's record, and the applicable law, the court recommends that defendants' motion be GRANTED and that the case be dismissed for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994) (citations omitted). Indeed, a federal court also has an independent duty to assess whether subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, there is no federal question jurisdiction. The original complaint is captioned "Diversity Civil Action Complaint Pursuant to 28 U.S.C. § 1332(a) for Claims Arising Under State of California Law." (See Complaint, ECF No. 1 ["Compl."].) Furthermore, the body of the complaint only asserts claims arising under California law (primarily fraud and breach of contract-type claims) related to a real property dispute involving plaintiff, his brother (defendant Roberto Buenrostro), and his sister-in-law (defendant Guadalupe Buenrostro). Contrary to arguments made in plaintiff's opposition brief, plaintiff's state law claims do not depend on construction or application of the United States Constitution or other federal law, and the court cannot, as plaintiff suggests, merely broadly construe such claims as arising under the laws of the United States.[2]

---

[2] Plaintiff further suggested that he could amend his complaint to invoke federal question jurisdiction, and submitted a proposed first amended complaint. (See ECF No. 14.) However,

As noted above, plaintiff's original complaint claims that the court has diversity of citizenship jurisdiction over the action pursuant to 28 U.S.C. § 1332(a), because plaintiff alleges that he is a citizen of Louisiana, that defendants are citizens of California, and that the amount in controversy exceeds $75,000. Defendants' motion to dismiss challenges plaintiff's assertion that he is a citizen of Louisiana, and instead contends that plaintiff is a citizen of California.

"Rule 12(b)(1) jurisdictional attacks can be either facial or factual." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In this case, defendants have made a factual attack on jurisdiction, because they submitted extrinsic evidence, including declarations, in conjunction with their motion. See Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id. However, any factual dispute in the evidence presented by the parties must be resolved in favor of plaintiff. See Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996) ("we will consider items outside the pleading that were considered by the district court in ruling on the 12(b)(1) motion, but resolve all disputes of fact in favor of the non-movant."). Here, plaintiff has submitted various declarations and other evidence along with his opposition brief, which the court considers together with plaintiff's complaint, defendants' motion and evidence, and the court's record as a whole in deciding defendants' motion.

A natural person's state citizenship for purposes of diversity jurisdiction is determined by his state of domicile and not his state of residence. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (explaining that "[a] person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return…A person residing in a

---

apart from conclusory references to "laws of the United States," 28 U.S.C. § 1331, and plaintiff's status as a federal prisoner, plaintiff's opposition brief and proposed first amended complaint point to no specific claims or factual allegations that could properly invoke federal question jurisdiction. Indeed, given that this case arises from a real property dispute between family members, it seems wholly implausible that plaintiff would be able to assert federal claims against defendants. As such, the court finds that granting leave to amend to attempt to invoke federal question jurisdiction would be futile under the circumstances here.

1  given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.");

2  see also Weible v. United States, 244 F.2d 158, 163 (9th Cir. 1957) ("Residence is physical,

3  whereas domicile is generally a compound of physical presence plus an intention to make a

4  certain definite place one's permanent abode, though, to be sure, domicile often hangs on the

5  slender thread of intent alone, as for instance where one is a wanderer over the earth.  Residence

6  is not an immutable condition of domicile.").

7      Defendants contend that there exists a "rebuttable presumption that an incarcerated

8  individual retains residence in the judicial district where he lived prior to incarceration," citing

9  United States v. Arango, 670 F.3d 988, 998 (9th Cir. 2012).  However, defendants' reliance on

10  Arango is misplaced, because that case involved the Immigration and Nationality Act's ("INA")

11  definition of "residence" and its application to an incarcerated individual.  Id. at 997.  The Ninth

12  Circuit noted that an individual's residence under the INA is distinguishable from his domicile,

13  because, unlike a domicile inquiry, the INA's definition of residence is not concerned with

14  individual intent.  Id. at 996-97.[3]  Furthermore, the Ninth Circuit in Arango specifically

15  emphasized that "[w]e do not decide whether a prisoner can establish domicile in his place of

16  incarceration for purposes of federal diversity jurisdiction, a question that the Ninth Circuit has

17  yet to address."  Id. at 997 n.7.

18      Nevertheless, in resolving defendants' motion, this court likewise need not decide the

19  overarching legal question of whether a prisoner could conceivably establish domicile in his place

20  of incarceration.  Even assuming, without deciding, that a prisoner could under some

21  circumstances establish domicile in his place of incarceration, the court concludes that plaintiff in

22  this case has failed to meet his burden to show that his domicile had changed from California to

23  Louisiana.

24  ////

---

[3] Defendants also cite Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962), for the proposition that "[o]ne does not change his residence to the prison by virtue of his being incarcerated there."  However, Cohen addresses whether it was error to send a petitioner's tax assessment notices to the petitioner's last known address, when the tax commissioner knew that the petitioner was incarcerated at the time the notice was sent.  Cohen says nothing about domicile for purposes of diversity of citizenship and is simply inapposite.

The Ninth Circuit has established several principles to guide the inquiry of where a party is domiciled:

> First, the party asserting diversity jurisdiction bears the burden of proof. Second, a person is domiciled in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely. Third, the existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. Finally, a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely. Courts in other jurisdictions have recognized additional principles…The courts have held that the determination of an individual's domicile involves a number of factors (no single factor controlling), including: current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes. The courts have also stated that domicile is evaluated in terms of objective facts, and that statements of intent are entitled to little weight when in conflict with facts.

Lew v. Moss, 797 F.2d 747, 749-50 (9th Cir. 1986) (internal citations and quotation marks omitted).

Here, there is no dispute that plaintiff was incarcerated and resided in Louisiana at the time that this action was filed. However, the pertinent question is whether plaintiff was *domiciled* in Louisiana at the time that this action was filed, which involves a more careful analysis under the principles outlined above.

Plaintiff indicates that, "[o]n November 3, 1995 Plaintiff was arrested by federal agents and charged and convicted on a single count of conspiracy on drug charges and subsequently sentenced to life imprisonment." (Compl. ¶ 19.) It is undisputed that, at the time of his arrest, plaintiff lived, worked, and owned property in the area of Stockton, California, and thus was domiciled in California.

According to plaintiff's filings in another prisoner civil rights action plaintiff commenced in the Eastern District of California,[4] plaintiff, after sentencing, was incarcerated for many years

---

[4] A court may take judicial notice of court filings and other matters of public record, which are not subject to reasonable dispute. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Fed. R. Evid. 201(b).

1  at various federal prisons located in California until approximately February of 2014, when
2  plaintiff was transferred to the United States Penitentiary in Pollock, Louisiana via the Federal
3  Transfer Center in Oklahoma City, Oklahoma.  (See Buenrostro v. Castillo et al., 1:14-cv-75-
4  BAM, ECF Nos. 9, 11; Compl. ¶ 23.)  Apart from that involuntary transfer to Louisiana, plaintiff
5  has failed to provide the court with any objective facts or other evidence indicating that he had
6  changed his domicile from California to Louisiana.
7       Plaintiff points to no specific family or property ties to Louisiana.  He does not even
8  allege that he intends to make Louisiana his permanent home should he ever be released from
9  custody.  Based on the declarations submitted along with plaintiff's opposition to defendants'
10 motion, it is undisputed that plaintiff's family (including his brothers, his former wife, and his
11 children) still reside in Stockton, California.  (See Declaration of Salvador S. Buenrostro, ECF
12 No. 13 at 30-33; Declaration of Alicia Granados, ECF No. 13 at 34-37; Declaration of Jose Luis
13 Buenrostro, Jr., ECF No. 13 at 38-40; Declaration of Carlos Buenrostro, ECF No. 13 at 41-43;
14 Declaration of Daniel Buenrostro, ECF No. 13 at 44-46.)  Additionally, the real property at issue
15 in this action is located in California, and plaintiff has expressed an interest in one day possessing
16 that property.  (See Compl. ¶ 25 ["As such, Plaintiff in a number of telephone calls and Roberto's
17 scant visits and letters to Plaintiff discussed the property issue, at which Roberto always said that
18 he was not interested in the property, that when Plaintiff gets out of prison, he can obtain
19 possession of the property as long as Plaintiff pays him his part…."].)
20      Furthermore, the fact that plaintiff has a life sentence and is presently incarcerated in
21 Louisiana does not, by itself, mean that plaintiff has acquired a Louisiana domicile.  Thus far,
22 plaintiff has served most of his sentence in California, and plaintiff may well again be transferred
23 out of Louisiana at some point.  Moreover, in the above-mentioned prisoner civil rights action
24 pending in this court, plaintiff filed a renewed motion for a temporary restraining order in April
25 2014, supported by a declaration made under penalty of perjury, claiming that plaintiff was
26 transferred to Louisiana over 2500 miles away from his family in retaliation for exercising his
27 First Amendment right to file prison grievances.  By way of that motion, plaintiff specifically
28 requested an order directing *plaintiff's immediate transfer back to a prison in California located*

*near plaintiff's family.* (See Buenrostro v. Castillo et al., 1:14-cv-75-BAM, ECF No. 19.) Thus, plaintiff's own statements and representations indicate that plaintiff does not intend to stay in Louisiana permanently or indefinitely, but instead wishes to return to California to be closer to family.

Therefore, after carefully considering the arguments and evidence presented by the parties, the court finds that plaintiff has failed to meet his burden to show that his domicile had changed from California to Louisiana. Because the parties are all citizens of California, the court does not have diversity of citizenship jurisdiction.

In sum, in light of the fact that the court has neither federal question nor diversity of citizenship jurisdiction, the court recommends that the action be dismissed for lack of subject matter jurisdiction. The court notes plaintiff's alternative request for remand to state court in the event that the court finds that it lacks subject matter jurisdiction. However, because this case was initially filed in federal court, and not removed from state court by the defendants, the court cannot procedurally remand the action to state court. Instead, dismissal is required.

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 10) be granted.
2. The action be dismissed without prejudice for lack of subject matter jurisdiction.
3. The Clerk of Court be directed to vacate all dates and close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, motion practice, and discovery in this action are stayed pending resolution of the findings and recommendations by the district judge. Other than objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to additional pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

7

"Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

      IT IS SO ORDERED AND RECOMMENDED.

Dated: April 21, 2015

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE